COLONIAL BANK AND TRUST COMPANY, EXECUTOR AND TRUSTEE (ESTATE OF GEORGE A. STEVENS, JR.) *v.* GEORGE W. STEVENS ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued May 4—decided June 26, 1972

*David T. Ryan,* with whom, on the brief, were *Robert M. Fitzgerald* and *Louis B. Blumenfeld,* for the plaintiff.

*Harry Cohen,* for the named defendant et al.

*Edward W. Manasse,* for the defendant Donna L. Andreason et al.

PER CURIAM. The plaintiff, as executor and trustee under the will of George A. Stevens, Jr., brought this action seeking the advice of the Superior Court

as to the construction of the testator's will and the answers to various questions which have arisen with regard to the administration of a trust consisting of the residue of his estate. In brief, the principal problem arises in interpreting the language creating the trust which provides that the trustee shall invest the residue of the estate and pay over to five of the testator's children the sum of $400 a year and to a sixth child the sum of $600 a year "until the corpus of said trust, together with all accumulations of rents, profits, issue and income thereon, has been fully distributed." After this direction, there then follow ambiguous provisions for the contingencies in the event of the death of a child with or without issue but no express provision for termination of the trust or final distribution of the corpus otherwise than by exhaustion of the corpus by payment of the specified annual amounts. The allegations of the plaintiff's substituted complaint were all admitted and, on the request of the parties, the court reserved the action for the advice of this court and the answers to nine questions.

We find the record insufficient to afford a basis for an answer to the reserved questions. It contains no information as to the value of the corpus of the residuary trust, the amount of annual income which it produces, the expense of administration, or the variance between net income and the total of $2600 annual payments directed to be made to the children of the testator, or other established facts, if any, bearing on the question of the intent of the testator. Although the parties have briefed arguments predicated on the disfavor with which courts view testamentary provisions for the accumulation of income, the provisions of the rule against perpetuities and the presumed intention of the testa-

tor, the court is not sufficiently informed of the essential basic facts relative to the trust to answer the reserved questions. The closest approach to a disclosure of the necessary facts is found in the admitted allegations of paragraph fourteen of the complaint as amended which states: "From the date of death of the decedent to the date hereof the total income from the residuary estate has exceeded the required total annual payments to the beneficiaries named in the will. The plaintiff, as the prospective trustee, believes that future annual net income from said trust fund after paying therefrom administration, management and other proper charges and expenses will continue to exceed the present annual payments required under said will." Such an admitted allegation, without more, furnishes to this court no basis for a determination as to whether the belief of the trustee has a sound factual basis and, if it has, the extent of any excess income or, in connection with the ascertainment of the testator's intent, whether over a period of time such excess would result in an unreasonable accumulation during the undisclosed life expectancy of the testator's children. We are confronted with a reservation which is factually inadequate for a determination of the questions reserved and, in the absence of further essential facts, we are unable to give to the parties the advice which they seek.

The case is remanded to the Superior Court for decision or the ascertainment of the facts necessary for an answer to the questions propounded by the parties.